UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROMAN BRIK,

                              Plaintiff,

              -against-                                          24-CV-8845 (RA)

JONATHAN FOGEL; SAMER NASSER;                                    ORDER
STANISLAV (STAS) SKARBO; JOE
NGUYEN; and PAT WINNERY KAUFMAN,

                              Defendants.

RONNIE ABRAMS, United States District Judge:

        Plaintiff Roman Brik, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983

against Defendants Samer Nasser, the Executive Director of the Press Credential's Office in the

New York City Mayor's Office of Media and Entertainment ("MOME"); Stanislav (Stas) Skarbo,

MOME senior counsel; Joe Nguyen, MOME staff counsel; Pat Winney Kaufman, MOME

Commissioner; and Jonathan Fogel, Administrative Law Judge ("ALJ") in the Office of

Administrative Trials and Hearings ("OATH") action, alleging that Defendants violated his rights

under the First Amendment. By Order dated March 25, 2025, the Court granted Plaintiff's request

to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. As set forth in this Order,

the Court dismisses the claims against Judge Fogel and directs the Clerk of Court to effect service

on the remaining Defendants.

## STANDARD OF REVIEW

        A court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Livingston v. Adirondack

Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). A court must also dismiss a complaint when it

lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them "to raise the strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (citation omitted).

## BACKGROUND

The following facts are drawn from the Complaint. In April 2023, MOME issued Plaintiff a standard press card, which "grant[ed] him . . . access to press-only open events held by the NYC city administrations, including weekly press conferences held by NYC Mayor in the Blue Room of the City Hall, events in Gracie Mansion, and similar events . . . open only to members of the press." Compl. ¶ 15, ECF No. 1. Plaintiff confirmed with Defendant Skarbo that Plaintiff could use his press card to report on "peaceful public protests/First Amendment events in New York City, as well as reporting and commentary of court proceedings, including those pertaining to Plaintiff's own custody case," which was pending in Richmond County Family Court. *Id.* ¶¶ 18–19. He also confirmed that Plaintiff's "independent journalism, while 'unorthodox,' firmly f[e]ll within the scope of 'covered events.'" *Id.* ¶ 19. Plaintiff indicates that Skarbo assisted him with this process, with the "full knowledge and approval" of Defendants Nasser and Kaufman. *Id.* ¶ 19.

After receiving his press card, Plaintiff "posted a number of articles . . . in which he sharply criticized Mayor Adams and his administration . . . [as well as] its judiciary." *Id.* ¶¶ 21–22. Then in December 2023, "MOME leadership, represented by Defendant [Skarbo] initiated [a] retaliatory silencing process against Plaintiff." *Id.* ¶ 23. Specifically, Plaintiff alleges that Skarbo "filed – and unilaterally calendared! – an OATH Petition . . . threatening . . . to suspend Plaintiff's Standard Press Pass for 6 months." *Id.* ¶ 24. On Plaintiff's account, Skarbo claimed "that Plaintiff violated some obscure and nebulous prohibitions against acting not in a newsgathering capacity while being

a Press Pass holder." *Id.* ¶ 25. Plaintiff indicates that Skarbo did so with the "full knowledge and apparent approval" of Defendants Nasser and Kaufman. *Id.* He further alleges that Defendant Nguyen took part in the OATH proceedings. *Id.* ¶ 27. Plaintiff then filed a Freedom of Information Law request and learned "that senior executives in Mayor Adams' administration, apparently at the behest of NYC judiciary exposed by Plaintiff's body of work, applied pressure on MOME in order to revoke the Press Pass and silence Plaintiff's independent reporting . . . ." *Id.* ¶¶ 28–29.

As to the OATH proceedings, Plaintiff alleges that Defendant Fogel, the ALJ, (1) "has engaged in extensive ex-parte communication with Defendants [Skarbo and Nguyen]"; (2) "cited a 'mistake' to cover for this blatant violation of . . . due process right at the outset – which . . . calls into question his professionalism and ability to fairly adjudicate and weigh[] the details in front of him"; (3) "decided to close the proceedings to the public . . . and ordered an in-chambers, physical trial in OATH offices"; and (4) "issu[ed] his 'rulings' in an egregiously inappropriate email format – with no legal argumentation." *Id.* ¶¶ 30–31, 34, 36.

Plaintiff seeks a declaratory judgment "that the . . . actions of Defendants . . . were unlawful and a violation of Plaintiff's First Amendment rights." *Id.* at 10. Plaintiff also seeks injunctive relief related to his press pass and money damages. *Id.*

## DISCUSSION

### I.     Claims Against Administrative Law Judge Jonathan Fogel

Plaintiff brings claims against ALJ Jonathan Fogel regarding Plaintiff's OATH proceedings, over which Judge Fogel has presided. The Court dismisses these claims under the doctrine of judicial immunity.

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v.*

*Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "{E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

The doctrine of judicial immunity extends to administrative law judges. *See Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (holding that judicial immunity covers "administrative officials performing functions closely associated with the judicial process because the role of the 'hearing examiner or administrative law judge . . . is "functionally comparable" to that of a judge'" (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978)).

Judicial immunity does not apply, however, when the judge takes action outside his judicial capacity, or when the judge takes action that, "though judicial in nature," is taken "in the complete absence of all jurisdiction." *Mireles,* 502 U.S. at 12; *see also Bliven,* 579 F.3d at 209–10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judge Fogel acted beyond the scope of his judicial responsibilities or outside his jurisdiction. Because Plaintiff sues Judge Fogel for "acts arising out of, or related to, individual cases before [him]," Judge Fogel is immune from suit for such claims under the doctrine of judicial immunity. *Bliven*, 579 F.3d at 210. Any disagreement Plaintiff may have regarding his OATH proceedings may be addressed in those proceedings or by filing an appeal. *Butz*, 438 U.S. at 514 ("Those who complain of error in [administrative] proceedings must seek agency or judicial review."). The Court, therefore, dismisses Plaintiff's claims seeking monetary relief against Judge Fogel. 28 U.S.C. § 1915(e)(2)(B)(iii) (providing that

the court must dismiss a case if the action "seeks monetary relief against a defendant who is immune from such relief").

The Court also dismisses Plaintiff's claims for injunctive relief against Judge Fogel. Where a party seeks injunctive relief against a judicial officer, Section 1983 only provides such relief if "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Because Plaintiff has "allege[d] neither the violation of a declaratory decree, nor the unavailability of declaratory relief" in his OATH proceedings, *Montero*, 171 F.3d at 761, Plaintiff's claim for injunctive relief against ALJ Fogel must be dismissed.

Finally, the Court dismisses Plaintiff's claims seeking retrospective declaratory relief regarding ALJ Fogel's past rulings. *Treistman v. McGinty*, 804 F. App'x 98, 99 (2d Cir. 2020) (summary order) ("[J]udicial immunity bars any claim for retrospective declaratory relief."); *Green v. Mansour*, 474 U.S. 64, 65, 73 (1985) (declaratory relief is unavailable where a party seeks a declaration regarding "the lawfulness of [a government official's] past actions"); *Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000) (finding declaratory relief unavailable where "[a]ny declaration could say no more than that Connecticut had violated federal law in the past"); *see, e.g.*, *Brik v. McFarland*, No. 23-CV-3507(AMD) (LB), 2023 WL 4274268, at *3 (E.D.N.Y. June 29, 2023) ("[T]he plaintiff seeks a declaration that [the judge's] past decision violated his constitutional rights, which is retrospective in nature and barred by judicial immunity.").

Accordingly, Plaintiff's claims against Judge Fogel are dismissed pursuant to Section 1915(e)(2)(B)(i) and (iii). *See Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) ("Because [the judge] was . . . clearly entitled to judicial immunity, the district court did not err in *sua sponte* dismissing the claims against her as frivolous."); *Montero*, 171 F.3d at 759-61 (affirming *sua sponte* dismissal of claims as barred by judicial immunity).

A.    **Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). To allow Plaintiff to effect service on Defendants Nasser, Skarbo, Nguyen, and Kaufman through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the Complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must also notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Court dismisses Plaintiff's claims against Administrative Law Judge Jonathan Fogel. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

The Clerk of Court is respectfully instructed to issue a summons for Defendants Nasser, Skarbo, Nguyen, and Kaufman; complete the USM-285 form with the address for each of these Defendants; and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is further directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:     April 4, 2025
           New York, New York

_____
Ronnie Abrams
United States District Judge

7

## SERVICE ADDRESS FOR EACH DEFENDANT

1.      Samer Nasser
        Executive Director, Press Credentials Office
        NYC Mayor's Office of Media and Entertainment
        1 Centre Street, Room 370
        New York, NY 10007

2.      Stanislav (Stas) Skarbo
        Senior Counsel, Press Credentials Office
        NYC Mayor's Office of Media and Entertainment
        1 Centre Street, Room 370
        New York, NY 10007

3.      Joe Nguyen
        Staff Counsel, Press Credentials Office
        NYC Mayor's Office of Media and Entertainment
        1 Centre Street, Room 370
        New York, NY 10007

4.      Pat Swinney Kaufman
        Commissioner, Mayor's Office of Medica and Entertainment
        1 Centre Street, 26th Floor
        New York, NY 10007