UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROMAN BRIK,

                    Plaintiff,

          v.

JONATHAN FOGEL, Administrative Law Judge,
Office of Administrative Trials and Hearings, New
York City; SAMER NASSER, Executive Director,
Press Credentials Office, NYC Mayor's Office of
Media and Entertainment (MOME); STANSLAV
(STAS) SKARBO, Senior Counsel, MOME; JOE
NGUYEN, Staff Counsel, MOME; PAT SWINNEY
KAUFMAN, Commissioner, MOME,

                    Defendants.

24-CV-8845 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Roman Brik, proceeding *pro se*, filed this action against a number of New York City officials, all of whom were allegedly involved in stripping him of a press pass. Due to Plaintiff's failure to prosecute and comply with the Court's order, the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

On November 12, 2024, Plaintiff filed the Complaint in this action. *See* Dkt. 1 (Compl.). A self-proclaimed "civil/citizen-journalist," *id.* ¶ 17, he alleges that each Defendant played a role in stripping him of his New York City Press Card. *See generally id.* On January 9, 2025, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"), which Chief Judge Swain granted.[1] Dkt. No. 3 (IFP Application); Dkt. No. 4 (Order Granting IFP Application).

---

[1] This case was previously assigned to Chief Judge Swain. It was reassigned to the undersigned on April 1, 2025.

On July 3, 2025, Defendants filed a motion to dismiss the Complaint. Dkt. No. 16 (Defs.' Mot.). In a July 7, 2025 Order, the Court informed Plaintiff that his Opposition to that motion was due by August 4, 2025. Dkt. No. 19. On August 1, 2025, upon Plaintiff's request, the Court granted him an extension to respond to the motion, with a new deadline of September 8, 2025. On September 8, 2025, Plaintiff sought a second extension of his response deadline, this time to October 8, 2025. The Court granted the second extension request, setting October 8, 2025 as the deadline for Plaintiff's response. No response was filed.

On December 12, 2025, the Court issued an Order instructing Plaintiff that "[n]o later than January 15, 2026, Plaintiff shall either file his Opposition, or shall inform the Court by letter that he does not intend to file an Opposition but still intends to prosecute this case." Dkt. No. 24 (Dec. 12, 2025 Order). The Court further informed Plaintiff that if he did "not file an Opposition or a letter by January 15, 2026, the Court may dismiss this case for failure to prosecute, consistent with Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* The Court's December 12, 2025 Order was mailed to Plaintiff on December 15, 2025. Plaintiff has still yet to file an Opposition, nor has he informed the Court that he does not intend to do so but still intends to prosecute this case. Indeed, he has not filed anything on the docket since his September 8, 2025 extension motion. For the reasons that follow, the case is dismissed without prejudice.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants

are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Baptiste*, 768 F.3d at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). Furthermore, "a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Baptiste*, 768 F.3d at 217 (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

## DISCUSSION

All of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's non-compliance is significant: Plaintiff has not communicated with the Court in over four months, and more than three months have passed since Plaintiff's Opposition to Defendants' motion was due. *See, e.g.*, *Singelton v. City of New York*, 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"); *Toliver v. Okvist*, 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (R. &

R.) (recommending the dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015). Second, Plaintiff was on notice that his failure to comply may result in dismissal: the Court's December 12, 2025 Order explicitly warned him that this action may be dismissed if he failed to respond. *See Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, Plaintiff has been given an opportunity to be heard. Indeed, not only did the Court grant two motions to extend his time to respond to the motion, but two months later, gave him another opportunity to be heard, mandating only a letter informing the Court that he wished to continue to prosecute the case. Fourth, this case has been pending for more than a year, and Defendants' motion has been pending for more than six months without a response. The Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, and even if there is no significant prejudice to Defendants, the Court finds that Plaintiff's non-compliance with multiple orders warrants dismissal.

On balance, however, and in light of Plaintiff's pro se status, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216. Any prejudice to Defendants has been minor: this case is at an early stage, and based on the record, Defendants have done no more than file a motion to dismiss. To the extent Plaintiff renews his action, Defendants may again move to dismiss on substantially the same basis as their initial motion. *See LeSane*, 239 F.3d at 210 ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself."). Moreover, this action has not substantially burdened the Court's docket: the Court

has not decided any substantive motions, held any hearings, presided over any discovery, or scheduled trial.  Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiff's failure to communicate with the Court or to comply with its order.  *See, e.g.*, *Ortega v. Mutt*, 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)); *see* also 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice . . . .").

**CONCLUSION**

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated:    February 2, 2026
          New York, New York

 

Hon. Ronnie Abrams
United States District Judge